IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROOSEVELT SMITH,

    Plaintiff,                       No. 2:13-cv-0369 WBS CKD P

    vs.

VIMAL J. SINGH, et al.,

    Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. On March 20, 2013, the court dismissed plaintiff's original complaint in this action with leave to amend, having determined that plaintiff failed to state a cognizable claim on the facts alleged. (ECF No. 13.) Before the court is plaintiff's amended complaint filed April 10, 2013. (ECF No. 16.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

Like the original complaint, the amended complaint alleges that plaintiff was deprived of his job as a "Hispanic Barber" because he was black, as recounted in administrative grievance Log No. CMF-12-1530. (Id. at 2-3.) Plaintiff also alleges that defendants engaged in "name-calling" based on his race. (Id.) However, administrative records filed with the original complaint indicate that plaintiff requested to be removed from this job assignment (ECF No. 1 at 50-53), and the amended complaint similarly states that plaintiff "walk[ed] out" of the job assignment due to "a pre-existing lower back injury." (ECF No. 16 at 3.) Moreover, mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

The undersigned concludes that plaintiff has failed to cure the defects of the original complaint. As it appears that leave to amend a second time would be futile, the court will recommend that this action be dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No. 16) be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / smit0369.FAC